UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. CR-09-159-LRS |
| | ) | |
| vs. | ) | **ORDER GRANTING** |
| | ) | **28 U.S.C. §2255 MOTION** |
| JOAQUIN MANCILLA-GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

**BEFORE THE COURT** is the Defendant's 28 U.S.C. §2255 Motion To Vacate Or Set Aside Conviction (ECF No. 42). The motion is heard without oral argument.

**I. BACKGROUND**

On March 2, 2010, Defendant pled guilty to the Indictment in this matter charging him with Alien In The United States After Deportation, 8 U.S.C. §1326. He was sentenced on June 21, 2010 to a term of eight months imprisonment to be followed by three years of supervised release. Defendant was deported to Mexico on August 4, 2010 and arrested in the Central District of California on February 23, 2011 pursuant to an 8 U.S.C. §1326 complaint. On March 25, 2011, that complaint was dismissed on motion of the United States Attorney and the Defendant was transferred to this district pursuant to the arrest warrant issued by

**ORDER GRANTING**
**28 U.S.C. §2255 MOTION-          1**

this court on March 1, 2011. The warrant was issued at the request of U.S. Probation which alleges Defendant violated his supervised release by illegally entering the United States on or about February 15, 2011.

Defendant contends counsel who represented him in conjunction with his guilty plea and sentencing rendered constitutionally ineffective assistance by failing to advise him of a potential defense relating to the validity of his 1996 deportation proceedings. On September 19, 1995, Defendant pled guilty to an Amended Information filed in Chelan County charging him with conspiracy to deliver methamphetamine. Defendant was sentenced to a term of imprisonment of one year. Deportation proceedings were commenced against the Defendant and at the hearing held before the Immigration Judge (IJ) on June 12, 1996, the Defendant conceded deportability. Defendant, however, requested relief under Section 212(c) of the Immigration and Nationality Act (INA).[1] The IJ informed the Defendant that the Section 212(c) waiver was no longer available to him because of the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), effective April 24, 1996. In an order dated July 16, 1996, the IJ explained in writing why the Section 212(c) waiver was no longer available to Defendant and formally ordered his deportation. On July 24, 1996, the Defendant provided a written statement waiving his right to appeal. Defendant was deported on July 27, 1996, and it was this deportation which served as the basis for the Indictment filed in the captioned matter to which the Defendant pled guilty on March 2, 2010.

**II. DISCUSSION**

Prior to 1996, the U.S. Attorney General had broad discretion to grant relief

---

[1] Section 212(c) had been codified at 8 U.S.C. § 1182(c).

**ORDER GRANTING**
**28 U.S.C. §2255 MOTION-         2**

to aliens subject to removal due to criminal convictions. *Gallegos-Vasquez v. Holder*, 636 F.3d 1181, 1186 (9th Cir. 2011). Section 212(c) of the INA provided relief in deportation proceedings to permanent residents with seven consecutive years of unrelinquished domicile. *Id*. In 1990, Congress amended Section 212(c) to preclude granting discretionary relief to convicted aggravated felons who served a term of imprisonment of at least five years. *INS v. St. Cyr*, 533 U.S. 289, 297, 121 S.Ct. 2271 (2001). In 1996, Congress passed the AEDPA and the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA). Section 440(d) of the AEDPA eliminated Section 212(c) relief for aggravated felons regardless of the length of their sentences. *U.S. v. Leon-Paz*, 340 F.3d 1003, 1005 (9th Cir. 2003). The IIRIRA repealed Section 212(c) altogether and replaced it with "a new section that gives the Attorney General the authority to cancel removal for a narrow class of inadmissible or deportable aliens." *St. Cyr*, 533 U.S. at 297. Importantly, however, the AEDPA and IIRIRA do not retroactively apply to deny Section 212(c) relief to aliens who plead guilty to removable offenses before the passage of those statutes. *Gallegos-Vasquez*, 636 F.3d at 1186. "§212(c) relief remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for §212(c) relief at the time of their plea under the law then in effect." *St. Cyr*, 533 U.S. at 326. In other words, the Supreme Court in *St. Cyr* held that repeal of Section 212(c) relief did not retroactively apply to immigrants who were ordered deported based on convictions pre-dating the repeal of Section 212(c). The Court reasoned that aliens were well aware of the consequences of criminal convictions and thus relied on the possibility of obtaining §212(c) relief when they agreed to plead guilty. 533 U.S. at 325. In *United States v. Ubaldo-Figueroa*, 364 F.3d 1042 (9th Cir. 2004), the Ninth Circuit retroactively applied *St. Cyr* to reverse a Section 1326 conviction where the defendant may have been eligible for relief

**ORDER GRANTING**
**28 U.S.C. §2255 MOTION-          3**

previously under Section 212(c).

Defendant's 1995 Chelan County aggravated felony conviction was obtained through a plea agreement and at that time, he was eligible for §212(c) relief under the law then in effect, that being the INA, because he served less than five years imprisonment pursuant to that conviction. Defendant's conviction occurred prior to the enactment of the AEDPA and the IIRIRA, pursuant to which the Defendant would have been ineligible for relief.

The existence of a prior deportation or removal order is a predicate element of an offense under 8 U.S.C. Section 1326. Therefore, a defendant charged with such an offense may collaterally attack the underlying removal order. *United States v. Camcho-Lopez*, 450 F.3d 928, 929 (9th Cir. 2006). To collaterally attack the prior removal order, the defendant must establish: 1) he exhausted any administrative remedies that were available to seek relief against the order; 2) he was improperly deprived of the opportunity for judicial review of the order of removal; and 3) the entry of the removal order was fundamentally unfair. 8 U.S.C. Section 1326(d). A removal order is "fundamentally unfair" if: (1) the alien's due process rights were violated during the underlying removal proceeding; and (2) he suffered prejudice as a result. *Ubaldo-Figueroa*, 364 F.3d at 1048; *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998).

The Ninth Circuit has excused exhaustion for a defendant who waives his right to appeal from the deportation order without first having been informed of what relief may be available. *United States v. Muro-Inclan*, 249 F.3d 1180, 1184 (9th Cir. 2001); see also *Ubaldo-Figueroa*, 364 F.3d at 1048. An alien is barred from collaterally attacking his underlying removal order as a defense to illegal reentry charges if he validly waived the right to appeal that order during the deportation proceedings, but the exhaustion requirement cannot bar collateral review of deportation proceedings when the waiver of the right to an

**ORDER GRANTING**
**28 U.S.C. §2255 MOTION-        4**

administrative appeal does not comport with due process. *Muro-Inclan*, 249 F.3d at 1183-84. A waiver of the right to appeal a removal order does not comport with due process when it is not "considered and intelligent." *Id*. In *Ubaldo-Figueroa*, the circuit held that an alien's waiver of his right to appeal his removal order was not sufficiently "considered and intelligent" because the IJ presiding over the removal proceeding failed to inform him that he had a right to appeal his removal order to the Bureau of Immigration Appeals (BIA). 364 F.3d at 1048.

In the case at bar, the IJ errantly informed Defendant he was not entitled to relief under Section 212(c). As such, Defendant's waiver of his right to appeal the IJ's removal order to the BIA was not sufficiently "considered and intelligent." The court recognizes the IJ did not have the benefit of the *St. Cyr* decision when she informed the Defendant he was not entitled to Section 212(c) relief, but that does not make her ruling any more accurate and Defendant waiver of his right to appeal any more "considered and intelligent." Accordingly, like the defendant in *Ubaldo-Figueroa*, Defendant is exempted from the exhaustion requirement of 8 U.S.C. Section 1326(d)(1). 364 F.3d at 1049. Also, like the defendant in *Ubaldo-Figueroa*, Defendant was deprived of the opportunity for meaningful judicial review of the IJ's removal order. *Id*. at 1050, citing 8 U.S.C. Section 1326(d)(2).

Defendant's due process rights were violated during the deportation proceedings because he was errantly informed that he was not eligible for Section 212(c) relief as a matter of law (enactment of the AEDPA), even though the factual record contained inferences that he was otherwise eligible for such relief. "Where the record contains an inference that the petitioner is eligible for relief . . . the [IJ] must advise the alien of this possibility and give him the opportunity to develop the issue." *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000). This requirement is mandatory. *Id*.

To establish prejudice, the Defendant does not have to show he actually

**ORDER GRANTING**
**28 U.S.C. §2255 MOTION-         5**

would have been granted relief. Instead, all he has to show is that he had a "plausible" grounds for relief from deportation. *Ubaldo-Figueroa*, 364 F.3d at 1050. Defendant has established plausible grounds that he would have obtained Section 212(c) relief at his deportation proceedings, but for the IJ closing off that avenue by concluding the AEDPA made him ineligible for such relief. The Government appears to concede that Defendant had lawful permanent resident status, had been domiciled in the United States for a period of seven years at the time of his 1996 deportation hearing, and had not served five or more years for an aggravated felony conviction. Furthermore, there appear to be certain equities weighing in Defendant's favor, notwithstanding his criminal history. Defendant has substantial family ties in the United States. He has lived in the United States since 1976, entering the country with his parents when he was approximately five years old. Defendant has several children who were born in the United States. Defendant's parents, sisters, and brothers live in the United States and it appears nearly all of them are either citizens or lawful permanent residents. Substantial family ties in the United States "is a weighty factor in support of the favorable exercise of discretion under §212(c)." *Kahn v. INS*, 36 F.3d 1412, 1413 (9th Cir. 1994). The record appears to show Defendant has a history of regular gainful employment while he has been in the United States and at least one former employer has submitted a declaration attesting that Defendant has a strong work ethic. Defendant's parents and the mother of his children indicate the Defendant is a hard worker, has been a good provider for his family, and has been actively involved in raising his children.

    Because Defendant was statutorily eligible for §212(c) relief at the time of his deportation proceedings, and because plausible grounds existed at that time that he might obtain such relief through the IJ's exercise of discretion, the court concludes Defendant received ineffective assistance of counsel at the time he pled

**ORDER GRANTING**
**28 U.S.C. §2255 MOTION-          6**

guilty to the Indictment in the captioned matter.  The record reflects Defendant was not advised by his counsel that he had a legitimate defense to the Indictment relating to the validity of the underlying deportation proceedings.  Counsel's performance was deficient and the Defendant was prejudiced by such deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984).  See also *Padilla v. Kentucky*, ___ U.S. ___, 130 S.Ct. 1473 (2010) (applying the *Strickland* analysis to errant advice or failure to advise regarding immigration matters).  But for counsel's failure, there was a reasonable probability the Indictment would have been dismissed.  *Strickland*, 466 U.S. at 694.

### III.  CONCLUSION

Defendant's 28 U.S.C. §2255 Motion To Vacate Or Set Aside Conviction (ECF No. 42) is **GRANTED**.  The Judgment in the captioned matter (ECF No. 38) is hereby **VACATED** and accordingly, the pending supervised release revocation proceedings are **DISMISSED** and the hearing set for August 31, 2011 is **STRICKEN**.

**IT IS SO ORDERED**.  The District Executive shall forward copies of this order to counsel of record.

**DATED** this __24th__ of August, 2011.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

**ORDER GRANTING
28 U.S.C. §2255 MOTION-            7**